UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | C/A No. 3:15-cv-03530-DCC |
|---|---|---|
| Plaintiff, | ) | |
| *ex rel.* Vincent J. Stovall, | ) | |
| Plaintiff-Relator, | ) | |
| vs. | ) | **ORDER** |
| Webster University, | ) | |
| Defendant. | ) | |

Relator brings this qui tam action on behalf of the United States, alleging that Defendant violated the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"). Relator alleges that Defendant unlawfully overcharged federal payors for tuition and fees in violation of 38 U.S.C. § 3690. After the United States declined to intervene, the Complaint was unsealed and served on Defendant. ECF Nos. 15, 17.

This matter is before the Court on the Plaintiff's and Defendant's Motions to Dismiss. ECF Nos. 28, 31. Relator filed a Response in Opposition to both Motions, Defendant filed a Response in Support of Plaintiff's Motion to Dismiss, Defendant and Plaintiff filed Replies, and Relator filed a Supplement.[1] ECF Nos. 29, 33, 43, 44, 49, 72.

---

[1] Relator moved for a hearing on Plaintiff's Motion to Dismiss. ECF No. 45. Plaintiff and Defendant filed Responses in Opposition, and Relator filed a Reply. ECF Nos. 48, 50, 53. This Court issued an Order granting the Motion for Hearing and allowing limited discovery. ECF No. 56. Plaintiff moved for reconsideration. ECF No. 59. Defendant filed a Response in Support of Plaintiff's Motion, Relator filed a Response in Opposition, and Plaintiff filed a Reply. ECF Nos. 62–64. A hearing was held on the Motion for Reconsideration; thereafter, this Court vacated its prior Order and scheduled an evidentiary hearing. ECF Nos. 66, 69, 70.

An evidentiary hearing was held on July 9, 2018. ECF No. 73. At the conclusion of the hearing, Plaintiff was given 30 days to consider the evidence presented and was directed to file a status report indicating any change in its position by August 8, 2018. *Id.* On August 8, 2018, Plaintiff filed a status report in which it stated that it had reviewed the evidence presented and, after careful consideration, determined that further litigation of this matter would "unnecessarily expend the limited resources" of the Court, the Department of Justice, and the United States Department of Veterans Affairs. ECF No. 78. Plaintiff also stated that it reiterated the grounds for dismissal put forth in its Motion to Dismiss. *Id.*

## **APPLIABLE LAW AND ANALYSIS**

The FCA prohibits the submission of false and fraudulent claims to the government, and authorizes private citizens to enforce its provisions. 31 U.S.C. § 3729(a), (b)(1). To pursue such an action, a relator must file her complaint under seal for at least sixty days, which gives the government an opportunity to investigate the claim and to determine whether to intervene. 31 U.S.C. § 3730(b)(2). Even where it declines to intervene, the government retains significant control over a qui tam action. *See Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753–54 (5th Cir. 2001) (en banc).

Under 31 U.S.C. § 3730(c)(2)(A), "[t]he government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." The courts of appeals are split on how § 3730(c)(2)(A) motions should be handled. The D.C. Circuit has held that

§ 3730(c)(2)(A) "give[s] the government an unfettered right to dismiss an action," rendering the government's decision to dismiss essentially "unreviewable." *Swift v. United States*, 318 F.3d 250, 252 (D.C.Cir. 2003); *see also Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 65 (D.C. Cir. 2008); *Riley*, 252 F.3d at 753 ("[T]he government retains the unilateral power to dismiss an action notwithstanding the objections of the [relator.]" (internal quotation marks omitted)).

The Ninth Circuit, by contrast, has adopted a "two-step analysis . . . to test the [government's] justification for dismissal: (1) identification of a valid government purpose; and (2) a rational relation between dismissal and accomplishment of the purpose. If the United States satisfies the two-step test, the burden switches to the relator to demonstrate that the dismissal is fraudulent, arbitrary and capricious, or illegal." *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir.1998); *see also*, *Ridenour v. KaiserHill Co., L.L.C.*, 397 F.3d 925, 936 (10th Cir. 2005); *United States ex rel. Stevens v. State of Vt. Agency of Nat. Res.*, 162 F.3d 195, 201 (2d Cir.1998) (citing *Sequoia Orange* with approval), *rev'd on other grounds*, 529 U.S. 756 (2000).[2]

---

[2] In *Ridenour v. Kaiser-Hill Co., L.L.C.*, the Tenth Circuit applied the *Sequoia Orange* standard after distinguishing *Swift* and *Sequoia Orange* based on the timeframe in which the government moved to dismiss. 397 F.3d 925, 935 (10th Cir. 2005). The *Ridenour* Court noted that *Swift* "considered the standard to apply . . . where the Government has not previously intervened and the defendant has not yet been served," and it found that the case before it was "one in which the defendants were served [as in *Sequoia Orange*]." 397 F.3d at 935. The D.C. Circuit has extended *Swift* to cases where the government moves to dismiss after the defendants have been served. *See Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 64–65 (D.C. Cir. 2008).

3

In *Swift*, the D.C. Circuit explained that the purpose of the hearing required by § 3730(c)(2)(A) "is simply to give the relator a formal opportunity to convince the government not to end the case," but did leave open the possibility that an exception for "fraud on the court" might exist. *Id.* at 253; *see also Hoyte v. Am. Nat'l Red Cross,* 518 F.3d 61, 65 (D.C. Cir. 2008) (holding that "any exception to section 3730(c)(2)(A)—if there are any—must be like 'fraud on the court' and [the relator's] proposed 'manifest public interest' exception is not"). Moreover, the *Swift* court indicated that it may be appropriate to consider whether the relator can establish that the government's prosecutorial judgment was arbitrary and capricious, illegal, or fraudulent. 318 F. 3d at 254.

Here, the Court finds that dismissal is appropriate under either the *Swift* or *Sequoia Orange* standard. As stated, under *Swift* and its progeny, the government has a virtually unfettered right to dismiss a case brought under the FCA, and Plaintiff has chosen to exercise that right in this case. Moreover, the Court concludes that Plaintiff has made the requisite showing articulated in *Sequoia Orange*. Plaintiff asserts that dismissal will further its interest in preserving scarce resources by avoiding the time and expense necessary to monitor this action. Relator argues that the anticipated financial gain outweighs the anticipated time and money to be expended on this case; however, Plaintiff's interest in allocating its resources as it sees fit has been validated on several occasions. *See, e.g., Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985) (stating that an agency is "better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities" and to determine "whether the agency has enough resources to undertake the action at all); *U.S. ex rel. Levine v. Avnet, Inc.*, C/A No. 2:14-

17-WOB, 2015 WL 1499519 (E.D. Ky Apr. 1, 2015) (collecting cases). As Relator has put forth no evidence that Plaintiff's decision is "fraudulent, arbitrary and capricious, or illegal," dismissal is appropriate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Dismiss [31] is **GRANTED** and Defendant's Motion to Dismiss [28] is **FOUND as MOOT**.

s/Donald C. Coggins, Jr.
United States District Judge

August 8, 2018
Spartanburg, South Carolina